UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN DEVON ROBINSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 15-CV-1093 |
| RANDY PFISTER, et al., | ) ) ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

SUE E. MYERSCOUGH, U.S. District Judge.

Plaintiff proceeds pro se from his incarceration in Pontiac Correctional Center. His Complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. This section requires the Court to identify cognizable claims stated by the Complaint or dismiss claims that are not cognizable.[1] In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor and taking Plaintiff's pro se status into account. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient.

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

    Plaintiff alleges that he is to be kept in protective custody because his slight stature and mental illness make him a frequent target for rape. On September 30, 2014, Officer Cerda instructed Plaintiff to move into a cell with a large sexual predator. Plaintiff refused and was escorted to segregation for refusing housing. Plaintiff banged on the cell cage to get someone's attention because his handcuffs were too tight. Officer Tourea responded by slamming Plaintiff onto a concrete bench and punching off the keloid growth on Plaintiff's ear. In the melee, Plaintiff accidentally came into contact with Officer Tourea's nose, which began to bleed. Lieutenant Skeen then slammed Plaintiff's head into a table, and Major Blachard slammed Plaintiff's head into a door and twisted Plaintiff's wrists. Plaintiff was then placed in a cell with no running water and a broken toilet filled with feces. Later, Plaintiff was moved to a cell where someone had purposefully urinated in the center of the floor, leaving a large puddle. Plaintiff's grievances were ignored, and Plaintiff, in a prison disciplinary proceeding, was

found guilty of assaulting an officer. Plaintiff's requests to call exonerating witnesses at his disciplinary hearing were ignored or refused.

These allegations state arguable Eighth Amendment claims for failure to protect based on Plaintiff's removal from protective custody, excessive force based on the incidents that followed, and inhumane conditions of confinement based on the cells with no water and human waste. Plaintiff also states a plausible procedural due process claim for the refusal or failure to allow Plaintiff to present exonerating witnesses at his disciplinary hearing. The case will move forward to service and discovery on these claims.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states Eighth Amendment claims for failure to protect, excessive force, and inhumane conditions of confinement. Plaintiff also states a Fourteenth Amendment procedural due process claim for the refusal to allow Plaintiff to present exonerating evidence (eyewitness accounts) at his disciplinary hearing. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall

not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said

Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery

requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant

to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10)   Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

11)   **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures.**

12)   **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED:   September 10, 2015

FOR THE COURT:

                                s/Sue E. Myerscough
                              SUE E. MYERSCOUGH
                     UNITED STATES DISTRICT JUDGE