UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN DEVON ROBINSON, | ) |
| Plaintiff, | ) |
| v. | ) 15-CV-1093 |
| RANDY PFISTER, et al., | ) |
| Defendants. | ) |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff proceeds pro se from his incarceration in Pontiac Correctional Center on claims for failure to protect, excessive force, inhumane conditions, and procedural due process violations. The case is at the summary judgment stage. For the reasons explained below, summary judgment is granted to Defendants on the failure to protect and procedural due process claims. Summary judgment is denied on the excessive force claim. Summary judgment is denied with leave to renew on the inhumane conditions claim.

**Facts**

These facts are set forth in the light most favorable to Plaintiff, drawing reasonable inferences in Plaintiff's favor, as required at the

summary judgment stage.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A genuine dispute of material fact exists when a reasonable juror could find for the nonmovant.  Id.

The claims arise from events which began on September 30, 2014 in Pontiac Correctional Center.  That day, Officer Cerda, who is not a Defendant, instructed Plaintiff to move into a cell with an inmate Daniels whom Plaintiff believed was a sexual predator.  Plaintiff had heard rumors that the inmate Daniels was homosexual and had a history of sexual assaults on and sexual misconduct with his cellmates.  (Pl.'s Dep. 22.)  Plaintiff refused to cell with inmate Daniels, whereupon Plaintiff was handcuffed behind his back and escorted to a cage in the sick call area.  (Pl.'s Dep. 23.)  Concerned about why officers tried to move Plaintiff into the cell with inmate Daniels, Plaintiff asked to speak to a Lieutenant and also asked that his tight handcuffs be loosened.  (Pl.'s Dep. 24.)  Defendant Tovrea refused, and the two had words.  Id.  Plaintiff started kicking the cage and yelling for a Lieutenant because Plaintiff felt threatened by Defendant Tovrea.  Id.

Defendant Tovrea entered the cage—what happened after that is disputed.  Plaintiff contends that Tovrea grabbed Plaintiff by the

throat and slammed Plaintiff onto a concrete bench, whereupon Plaintiff's head bounced off the concrete and hit Tovrea's nose, causing Tovrea's nose to bleed.  Defendant Tovrea maintains that Plaintiff "kicked off the bench striking [Tovrea] in the nose with his right elbow."  (Adj. Com. Final Summ. Report, d/e 46-2, p. 1.)  Plaintiff maintains that Defendants Skeen and Blackard came to the scene and slammed Plaintiff's head into the floor, smacked him repeatedly on the back of his head, rammed his head into the wall, and used other unnecessary force.  (Pl.'s Dep. p. 26.)

Plaintiff was then, for a couple of hours, placed in a cell without running water and with "feces and stuff in the toilet" and on the floor.  Plaintiff was eventually moved to a cell "that had piss on the floor, feces in the toilet, and the cell was completely a mess."  Plaintiff's requests for cleaning supplies were ignored.  (Pl.'s Dep. 32, 91.)

Defendant Tovrea wrote Plaintiff a disciplinary report for assault and disobeying a direct order.  In the disciplinary hearing, Plaintiff was found guilty of both charges, receiving a punishment that included the revocation of one year of good time.  (Adj. Com. Final Summ. Report, d/e 46-2, p. 1.)  The Adjustment Committee

found that Plaintiff had refused to comply with orders to sit down and that, as Tovrea "was about to secure [Plaintiff] to the bench, [Plaintiff] kicked off the bench striking this officer in the nose with his right elbow. [Tovrea's] nose was bleeding bad and sent to HCU to be evaluated." Id. Plaintiff maintains that he was not permitted to call as witnesses the other inmates in the sick call area, who would have disputed Defendant Tovrea's account. Plaintiff also maintains that striking Tovrea with Plaintiff's elbow would have been impossible since Plaintiff was handcuffed behind his back.

## Discussion

An Eighth Amendment failure-to-protect claim requires evidence that a defendant was deliberately indifferent to a substantial risk of serious harm. Brown v. Budz, 398 F.3d 904, 909, 913 (7th Cir.2005); Riccardo v. Rausch, 375 F.3d 521, 525 (7th Cir.2004). A substantial risk of serious harm is one in which the risk is "'so great'" that it is "'almost certain to materialize if nothing is done.'" Brown, 398 F.3d at 911 (quoted cites omitted).

Plaintiff argues that Defendants Blackard and Skeens should have known that Plaintiff was too vulnerable to be placed in a cell with inmate Daniels. However, Plaintiff presents no evidence to

substantiate his fears about inmate Daniels. No reasonable inference arises from this record that inmate Daniels actually posed any risk to Plaintiff or that anyone was aware of a risk. That Plaintiff refused to cell with inmate Daniels based on rumors would not have put anyone on notice that inmate Daniels actually presented a substantial risk of serious harm to Plaintiff. *See* Gevas v. McLaughlin 798 F.3d 475, 480-81 (7th Cir. 2015)("Complaints that convey only a generalized, vague, or stale concern about one's safety typically will not support an inference that a prison official had actual knowledge that the prisoner was in danger."). Further, Plaintiff suffered no harm. *See* Jones v. Butler, 2016 WL 4994649 (7th Cir. 2016)(not published in Federal Reporter)("Absent cognizable harm" inmate's claim of failure to protect from threats of violence fails)(*citing* Babcock v. White, 102 F.3d 267, 272 (7th Cir. 1996)("It is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment.") Summary judgment must be granted to Defendants on this claim.

Summary judgment must also be granted to Defendants on Plaintiff's procedural due process claim regarding his disciplinary

hearing.  Plaintiff's claim that he was not allowed to present exonerating evidence necessarily implies that his one year of good time should be restored.  Claims which "necessarily imply the invalidity of the deprivation of . . . [an inmate's] good-time credits" are not cognizable under 42 U.S.C. § 1983 until the prison disciplinary decision has otherwise been invalidated, for example by expungement, a state court order, or a writ of habeas corpus. Edwards v. Balisok, 520 U.S. 641, 648 (1997).  This rule stems from the Supreme Court case of Heck v. Humphrey, 512 U.S. 477, 487 (1994), which held that an inmate cannot challenge his sentence or conviction through an action under 42 U.S.C. § 1983.

Unlike Plaintiff's procedural due process claim, Plaintiff's excessive force claim may proceed despite the good time revocation, though Plaintiff cannot challenge the disciplinary committee's factual findings.  Plaintiff will have to accept the disciplinary committee's version for purposes of the trial.  *See* Gilbert v. Cook, 512 F.3d 899, 901 (7th Cir. 2008).

Remaining for discussion is Plaintiff's claim that the cells he was placed in after the hearing were unsanitary.  The Eighth Amendment prohibits deliberate indifference to inhumane prison

conditions. Inhumane conditions are "objectively serious deprivations," deprivations of the "minimal civilized measure of life's necessities" according to "evolving standards of decency." Rhodes v. Chapman, 452 U.S. 337, 346 (1981). Deliberate indifference is "'actual knowledge of impending harm easily preventable.'" Delaney v. DeTella, 256 F.3d 679, 683 (7th Cir. 2001)(*quoting* Jackson v. Duckworth, 955 F.2d 21, 22 (7th Cir. 1992)(other quoted cite omitted).

Plaintiff agreed in his deposition that his inhumane conditions claim is against Defendant Pfister only, who was then the Warden. Plaintiff stated in his deposition that the Warden was responsible for these conditions because the Warden was in charge and also because the Warden did not answer Plaintiff's grievances. (Pl.'s Dep. 93-94.) The Warden is not liable for the constitutional violations of his subordinates solely because the Warden is in charge. Kuhn v. Goodlow, 678 F.3d 552, 556 (7th Cir. 2012)( "'An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.'")(quoted cite omitted); Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior liability under § 1983).

However, the record is not developed enough to determine whether Defendant Pfister knew about the conditions. Defendant Pfister maintains that he had no knowledge because his designee reviewed Plaintiff's grievances, not Pfister. Yet copies of the grievances about the conditions do not appear to be in the record, and Defendant Pfister offers no affidavit. Summary judgment will be denied on this claim, with leave to renew.

**IT IS THEREFORE ORDERED:**

**(1) Defendants' motion for summary judgment is granted in part and denied in part (45). Summary judgment is granted to Defendants on Plaintiff's failure to protect and procedural due process claims. The failure to protect claim is dismissed, with prejudice. The procedural due process claim is dismissed without prejudice to refiling if Plaintiff's good time is restored.**

**(2) Defendants Wolf, Knauer, Godinez, and Anderson are terminated because they are implicated only in the failure-to-protect and procedural due process claims.**

**(3) Summary judgment is denied on Plaintiff's excessive force claim against Defendants Tovrea, Skeens, and Blackard.**

**(4) Summary judgment is denied with leave to renew by February 10, 2017, on Plaintiff's conditions-of-confinement claim against Defendant Pfister.**

**(5) The jury selection and trial are scheduled for June 27-29, 2017, beginning each day at 9:00 a.m. Magistrate Judge**

**Schanzle-Haskins may be able to provide a sooner trial date if the parties consent.**

**(6)  The final pretrial conference is scheduled for June 2, 2017, at 10:00 a.m.**

ENTERED: January 25, 2017

FOR THE COURT:

                                         s/Sue E. Myerscough
                                          SUE E. MYERSCOUGH
                                  UNITED STATES DISTRICT JUDGE