UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KEVIN DEVON ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 15-CV-1093 |
| | ) | |
| RANDY PFISTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

On January 25, 2017, the Court granted summary judgment to Defendants on Plaintiff's failure to protect and procedural due process claims. (d/e 59.) The Court denied summary judgment on Plaintiff's excessive force claim and denied summary judgment with leave to renew on Plaintiff's inhumane conditions claim. The Court assumes familiarity with that order.

Defendant Pfister, the only Defendant on Plaintiff's inhumane conditions claim, has renewed his summary judgment motion. Before addressing that motion, the Court addresses Plaintiff's renewed motion for appointed counsel.

Plaintiff alleges that he is mentally ill and has a learning disability. The information provided by Defendants (as ordered by the Court) shows that Plaintiff has an eighth grade reading comprehension level (d/e 72-1, p. 1) and is taking Prozac for bipolar and post-traumatic stress disorder (d/e 60). This information does not support Plaintiff's claim that he is too mentally ill and low-functioning to proceed pro se, particularly because his claims do not appear complex. Plaintiff's pleadings have adequately conveyed his positions, and he can testify personally to the excessive force he experienced and the injuries he suffered. Additionally, Plaintiff has some federal litigation experience. <u>Robinson v. Cook County Jail</u>, 12-cv-7266 (N.D. Ill.); <u>Robinson v. Dart</u>, 09-cv-2435 (N.D. Ill); <u>Robinson v. Farrell</u>, 12-cv-1501 (N.D. Ill.); <u>Robinson v. Parker</u>, 11-cv-3262 (N.D. Ill). The Court remains of the opinion that Plaintiff is competent to proceed pro se in light of the straightforward nature of his claims. <u>Pruitt v. Mote</u>, 503 F.3d 647, 654-55 (7th Cir. 2007).

Moving on to Defendant Pfister's renewed summary judgment motion, the Court agrees with Defendant Pfister that there is no evidence to show that he personally knew about the conditions in Plaintiff's cells. Plaintiff contends that on September 30, 2014, he

was placed in a cell for several hours which was full of feces and broken plumbing and then moved to a cell with "piss on the floor, feces in the toilet, and the cell was completely a mess." (Def. Pfister's Undisp. Facts 7-8.) Plaintiff's cell was cleaned the next day. (Compl. p. 7.)

As the Court explained in the prior summary judgment order, the Warden is not liable for the constitutional violations of his subordinates solely because the Warden is in charge. Kuhn v. Goodlow, 678 F.3d 552, 556 (7th Cir. 2012)( "'An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.'")(quoted cite omitted); Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior liability under § 1983). The Court denied summary judgment on this claim the first time because Defendant Pfister had not submitted an affidavit and because copies of the purported grievances Plaintiff filed about the cell conditions were not in the record.

Defendant Pfister has now filed his affidavit. He avers that he had no personal knowledge of Plaintiff's cell conditions and that he did not review Plaintiff's purported emergency grievance because he

had delegated the review of emergency grievances to his designee, Marcia Ramirez, during the relevant time period. (Pfister Aff. ¶¶ 3-4.) Defendant Pfister attaches the one emergency grievance that Pfister maintains is in Plaintiff's records, but that grievance discusses primarily Plaintiff's discipline, not the conditions of his cell.

Plaintiff argues that Defendant Pfister would have known about the cell conditions from Defendant Pfister's weekly rounds, but Plaintiff has no evidence that Defendant Pfister made those rounds on the day in question or otherwise witnessed the cell conditions when Plaintiff was in the cell. Plaintiff's theory of liability against Defendant Pfister is not based on Pfister's personal observation of the cell conditions but on Defendant Pfister's position as the "boss" and Defendant Pfister's purported failure to respond to Plaintiff's grievances. (Pl.'s Dep. 93-94, 104.)

Plaintiff maintains that he filed an emergency grievance about the condition of his cell, but he offers no copy of the grievance nor any other details about when he submitted this grievance and what the grievance stated. Plaintiff admits that he does not know if Defendant Pfister received this purported emergency grievance

about the cell conditions.  (Pl.'s Dep. 105.)   A grievance filed in late October 2014 like those attached to Plaintiff's complaint would not have put Defendant Pfister on notice of the problem in time to fix the problem.  The cell was cleaned the day after Plaintiff was placed in the cell on September 30, 2014.  Defendant Pfister cannot be held liable for a problem which was fixed before Pfister learned of the problem.

Plaintiff also contends that Defendant Pfister cannot delegate the responsibility for reviewing emergency grievances.  Plaintiff is incorrect.  20 Ill.Admin.Code 504.805(a) allows delegation unless a subpart "specifically states that the . . . Chief Administrative Officer shall personally perform the duties."  The procedures for emergency grievances do not specifically state that the Warden must personally review those grievances.  20 Ill.Admin.Code 504.840.  In any event, even if Defendant Pfister was not permitted to delegate the review of emergency grievances, this case is not about a violation of the grievance procedures.  Plaintiff needs evidence that Defendant Pfister knew that Plaintiff was in a filthy cell and that Defendant Pfister consciously decided to take no action.  There is no such evidence in the record.

**IT IS THEREFORE ORDERED:**

(1) Plaintiff's motions for counsel are denied (d/e's 69, 71).

(2) Defendant Pfister's motion for summary judgment is granted (d/e 63). Defendant Pfister is terminated. The sole remaining claim is Plaintiff's excessive force claim against Defendants Tovrea, Skeens, and Blackard.

(3) This case is referred to the Magistrate Judge to conduct a settlement conference. If no settlement is reached, a conference will be scheduled to schedule the final pretrial and trial dates.

(4) The clerk is directed to notify the Magistrate Judge of the referral of this case for a settlement conference.


ENTERED: July 6, 2017

FOR THE COURT:

                                          s/Sue E. Myerscough
                                          SUE E. MYERSCOUGH
                                      UNITED STATES DISTRICT JUDGE